```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

STEPHEN J. HALMEKANGAS         *         CIVIL ACTION

VERSUS
                               *         NO. 06-3942 c/w
                                         06, 4005, 07-1006

STATE FARM FIRE AND            *         SECTION "J"(2)
CASUALTY COMPANY
```

## ORDER AND REASONS

Before the Court is Plaintiff's **Motion to Remand in Civil Action No. 07-1006 (Rec. Doc. 14)**. This motion, which was opposed, was set for hearing on April 4, 2007, on the briefs alone. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds that this motion should be denied in its entirety.

**Brief Summary of Cases in This Consolidated Matter:**

Three cases make up this consolidated action and two are relevant to this motion: (1) <u>Case no. 06-3942 - Halmekangas v. State Farm</u>: This case is Plaintiff's flood case (Hurricane Katrina), which was originally filed in federal court; and (2) <u>Case no. 07-1006 - Halmekangas v. ANPAC and Steve Harelson</u>: This removed case arises out of a fire at the insured premises (occurred five days after Hurricane Katrina).

**Factual Background:**

A fire occurred five days after Hurricane Katrina and destroyed the top two floors and part of the ground floor of

1

Plaintiff's home, which was already flooded by the levee breaches following Hurricane Katrina.  Because the coverage limits of the ANPAC policy were significantly lower than the damages to the top two floors, ANPAC paid the policy limits.  Case no. 07-1006 only alleges that ANPAC and its agent, Steve Harelson, were negligent in the writing the homeowners policy; it does not set forth a claim under the policy itself. Specifically, case no. 07-1006 involves Plaintiff's claims against ANPAC and Harelson for the negligent omission of the ground floor from the policy.

ANPAC claims that its receipt of a copy of the Complaint in case no. 06-3942 from counsel for co-defendant Harelson was an "...an amended pleading, motion, order or other paper..." within the meaning of 28 USC § 1446 (b), which allowed them to remove case no. 07-1006 more than 30 days from receiving notice of it.

**The Parties Arguments:**

First, Plaintiff asserts that the notice of removal in case no. 07-1006 was untimely filed (more than 30 days from the receipt of the complaint in 07-1006).  Plaintiff claims that ANPAC's receipt was not "...an amended pleading, motion, order or other paper..." within the meaning of 28 USC § 1446 (b) because: (1) the receipt of the copy of the Complaint was not the result of a voluntary act of the Plaintiff; (2) the copy of the Complaint was not a pleading or other paper having its origins in the state court proceeding now removed.

2

In opposition, ANPAC notes that on February 13, 2007, counsel for Harelson provided to counsel for ANPAC a copy of the Complaint filed in no. 06-3942, which relates to property damage resulting from Hurricane Katrina to the same property made the subject of the lawsuit filed by Plaintiff against his homeowners insurer, ANPAC (no. 07-1006).  ANPAC claims that it was at this time that it was first made aware of no. 06-3942, pending against State Farm in federal court.  ANPAC claims that the Fifth Circuit has specifically recognized that in certain situations, orders or pleadings filed in unrelated cases can constitute an "order or other paper" under 28 U.S.C. § 1446(b). See Ancar v. Murphy Oil, U.S.A., Inc., No. 06-3246, 2006WL2850445 (E.D. La. 10/3/2006) (Barbier, J.).

Next, Plaintiff asserts that no. 07-1006 is not the same case or controversy as the SFIP case.  Plaintiff asserts that case no. 07-1006 set forth a claim of simple negligence in the manner in which the homeowners policy was written and requests damages arising from the negligent "errors and "omissions" of ANPAC and its agent Harelson.  Thus, Plaintiff claims that no. 07-1006 is in line with the numerous cases decided in this Court finding that law suits dealing with policy procurement, and not claims administration, should be remanded to state court.  See Sullivan v. State Farm Cas. Co., 06-1677, 2006 U.S. Dist. LEXIS 55295*3-4 (E.D. La. 7/27/2006)(Barbier, J.).

In opposition, ANPAC claims that no. 07-1006 was properly removed under 28 U.S.C. § 1367 because no. 07-1006 involves the same nucleus of operative facts, and so is part of the same case or controversy as no. 06-3942.  ANPAC notes that in bringing an action against it and Harelson, Plaintiff is seeking to have coverage under the policy expanded to include additional amounts for the 2,000 square foot basement. The claims in both civil actions arise out damage to the same property (Plaintiff's home), albeit caused by different perils that are covered by different insurance contracts.

Plaintiff has requested costs and attorneys fees, and ANPAC opposes such an award.

**Discussion:**

**Timeliness of the Removal:**

This Court concludes that the removal of case no. 07-1006 was timely filed.  Federal law states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an

>       amended pleading, motion, *order or other paper*
>       from which it may first be ascertained that the
>       case is one which is or has become removable,
>       except that a case may not be removed on the basis
>       of jurisdiction conferred by section 1332 of this
>       title more than 1 year after commencement of the
>       action.

28 U.S.C. § 1446(b). ANPAC did not become aware of case no. 06-3942, pending against State Farm in federal court (which provided a basis for removing no. 07-1006) until February 13, 2007, when counsel for Harelson provided to counsel for ANPAC a copy of the Complaint filed in no. 06-3942. ANPAC then filed its Notice of Removal within thirty days of its receipt of the Complaint in 06-3942. This Court finds that ANPAC's receipt of the Complaint in case no. 06-3942 does constitute an "other paper" sufficient to trigger the running of the 30-day period within which to remove. Although 06-3942 and 07-1006 are separate cases against different defendants, this Court does not consider them unrelated as both cases deal with property damage to the same property. However, even if they are unrelated, orders or pleadings filed in unrelated cases can constitute an "order or other paper" under 28 U.S.C. § 1446(b), in certain situations. See Ancar, 2006 WL 2850445.

To be an "other paper" within the meaning of the statute, a paper must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction. See Addo v. Globe Life and Acc.

5

Ins. Co., 230 F.3d 759, 761-62 (5th Cir. 2000). Neither the Complaint in 06-3942, nor the information contained therein, was created by ANPAC or Harelson. Thus, because the Complaint in 06-3942 was solely a product of the voluntary actions of Plaintiff, ANPAC's receipt of that Complaint allowed it additional time to remove case no. 07-1006. Surely, the law does not allow a plaintiff to deprive a defendant of the opportunity to properly remove a case by withholding information like another lawsuit involving damages to the same property.

**The same case or controversy?**

This Court finds that case no. 07-1006 is related to case no. 06-3942 and involves the same nucleus of operative facts - so as to form the same case or controversy. In the Perret case, Judge Duval reasoned that although the causes of action arose out of different insurance contracts that covered different perils, the object of the litigation in the two matter was the same: Plaintiff's home. Here, these civil actions address coverage for damage sustained to the 2,000 square foot basement in the dwelling. In his case against his flood insurer (no. 06-3942), Plaintiff alleges that State Farm has not sufficiently compensated him for flood damage to the 2,000 square foot basement. Likewise, in the action against his homeowners insurer (07-1006), Plaintiff alleges that ANPAC and/or Harelson improperly prepared the insurance application, underwrote the

6

policy, and/or issued the policy on his home such that it did not provide coverage for the 2,000 square foot basement and seeks to expand coverage to include that basement. This constitutes a common nucleus of operative facts. Thus, because of the factual connexity of the state law claims to the federal claims, the Court finds that it is appropriate to employ its supplemental jurisdiction over the state causes of action. Supplemental jurisdiction is granted pursuant to 28 U.S.C. § 1367, which provides "that the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action that they form part of the same case or controversy". 28 U.S.C. § 1367(a). See Stay-N-Play Discovery School, Inc. v. Alverez, 2006 WL 2947878 (E.D. La. Oct. 14, 2006). Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion to Remand in Civil Action No. 07-1006 (Rec. Doc. 14)** should be and hereby is **DENIED**.

New Orleans, Louisiana this 16th day of April, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE