UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHEN J. HALMEKANGAS | CIVIL ACTION |
| VERSUS | NO: 06-3942 |
| STATE FARM INSURANCE COMPANY | SECTION: J(2) |

**ORDER AND REASONS**

Before the Court is Defendant ANPAC Louisiana Insurance Company's ("ANPACLA") **Motion for Partial Summary Judgment Regarding ANPAC Louisiana Insurance Company's Right to a Credit for the Full Amount of Any Flood Insurance Payments Issued to Plaintiff** (Rec. Doc. 116), seeking a finding that ANPACLA is entitled to a credit for the full amount of any flood insurance payments to Plaintiff Steven Halmekangas.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

The facts of this case are simple, but unique among the majority of claims arising from Hurricane Katrina. Halmekangas's property was destroyed by the effects of Hurricane Katrina in August/September of 2005. On August 29, 2005, Hurricane Katrina initially struck the city of New Orleans, flooding the first floor of the property. Subsequent to the flooding, the property was completely destroyed by fire on September 2, 2005. At the time Hurricane Katrina struck the city, Halmekangas had a homeowner's insurance policy issued by ANPACLA and a flood

insurance policy issued pursuant to the National Flood Insurance Program by State Farm as the "Write-Your-Own" insurer. Halmekangas filed claims for the damages to his property with both ANPACLA and State Farm. Under the homeowner's policy, ANPACLA tendered policy limits for coverages A, C, and D[1] in the amounts of $346,700, $260,030, and $86, 675, respectively. In addition, State Farm paid $83,399.57 for flood damage under the flood insurance policy.

**THE PARTIES ARGUMENTS**

ANPACLA argues under several decisions from this Court that when an insured home is destroyed by flood under a flood policy as well as some other covered peril under a homeowners policy, the insured owner cannot receive a double recovery by recovering proceeds under both policies for the same damages. See Esposito v. Allstate Ins. Co., 2007 WL 1125761 (E.D. La. 2007); Weiss v. Allstate Ins. Co., 2007 WL 8911869 (E.D. La. 2001); Ware v. State Farm Fire & Cas. Co., Civ. Action No. 06-4907 (E.D. La. 2007). ANPACLA argues further that "the fundamental purpose of insurance is indemnity, not profit," and thus Halmekangas should not be able to recover a profit (i.e. more than the pre-Katrina value of his home) simply because he held two insurance policies on the same property. Ferguson v. State Farm Ins. Co., 2007 WL 1378507,

[1] No payment was made under Coverage B (other structures) because that coverage was not applicable.

*3 (E.D. La. 2007).  Under these principles, ANPACLA notes that Halmekangas has received a total of $430,099.57 ($346,700 from homeowners and $83,399.57 from flood) for the damages to his property, and that the only amount Halmekangas can now recover is the difference between the pre-Katrina value of the dwelling and the total amount of insurance he has received thereon.[2] Accordingly, ANPACLA argues that it should receive a credit for **all** insurance proceeds paid to Halmekangas up to the pre-storm value of the home to prevent any windfall to the insured.

In opposition, Halmekangas argues that the cases cited by ANPACLA are inapposite to the facts of this case.  Specifically, Halmekangas notes that the cases cited from this Court, like many standard Katrina cases, involved **concurrent causes** of damage to an insured property.  However, in this case, Halmekangas's property partially flooded, and was then *later* destroyed completely by fire.  As such, under Louisiana's Valued Policy Law ("VPL"), La. Rev. Stat. Ann. §22:695 (2008), Halmekangas contends that he is entitled to the total value of his loss under the policy - namely the full pre-storm value of his home.

---

[2] The actual pre-Katrina value (i.e. the value used in the VPL policy) of Halmekangas's home is not clear in the parties' filings.  However, Halmekangas alleges that ANPACLA's own employees recognized that the policy limit of $346,700 for structure was the result of an error, and that ANPACLA admitted that the actual pre-storm value of the storm was $602,200.  See Pl. Memo Opp. Summ. J., Rec. Doc. 124-4.  If that is the relevant VPL pre-storm value, then ANPACLA faces a significantly larger payout if the VPL applies without flood offset.

Halmekangas also notes that any flood damage proceeds need not have been used to repair the flooded structure, and therefore should not be credited against the amounts he is due under the ANPACLA policy for the total destruction of his home by fire. In sum, Halmekangas argues that he is not seeking a double recovery as suggested by ANPACLA, but is simply attempting to be made whole for his loss.

## DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden is met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

### B. Flood Payment Offset under the VPL

Under Louisiana's VPL, an insurer is only required "to pay the agreed face value of the insured property **if the property is rendered a total loss from a covered peril.**" Chauvin v. State Farm Fire & Cas. Co., 495 F.3d 232, 239 (5th Cir. 2007) (emphasis

added). In addition, however, a homeowner’s recovery “is limited to any previously uncompensated losses that are covered by his homeowner's insurance and which when combined with his flood proceeds do not exceed the value of his property.” Ragas v. State Farm Fire & Cas. Co., 2008 WL 425536, *6 (E.D. La. 2/11/08). Stated differently, while “it is fairly common, especially in Katrina-related cases, for a plaintiff to have both wind and flood damages, and coverages for both, this does not entitle the plaintiff to double recovery in the event of a given loss.” Id. Therefore, to the extent that a plaintiff may attempt to “re-characterize as wind damage those losses for which [he] has already been compensated by previously attributing them to flood waters,” a court should not allow such a double recovery. Id. Nonetheless, plaintiffs can recover under both a flood and non-flood policy when a flood and another covered peril combine to result in a total loss “if they can segregate and prove the two types of damages.” Wellmeyer v. Allstate Ins. Co., 2007 WL 1235042, *2 (E.D. La. 2007). Furthermore, even when the VPL applies due to a total loss caused by a covered peril, “Louisiana's Valued Policy Law [does not] authorize a double recovery on the same loss.” Williams v. State Farm Fire & Cas. Co., 2008 WL 4948491, *1 (E.D. La. 2008). To the contrary, “when applicable, [the VPL] addresses only the **appropriate valuation of a total loss** that is caused by a covered peril.” Id. (emphasis

added).

Under the applicable law as laid out above, ANPACLA's motion should be granted, but only to the extent that it seeks a credit for flood insurance payments covering actual damage to the insured property by flooding.  Halmekangas cannot procure a double recovery based on payments for the same damage under his flood and homeowner's policy even if the fire, a covered peril under the valued policy, caused the total loss of his property. Nonetheless, Halmekangas has the right to segregate and prove what damages were caused by flood and what damages were caused by the subsequent fire.  Thus, although Halmekangas cannot recover more than the pre-Katrina value of his home by collecting from both his homeowners and flood insurer, he should nonetheless have the opportunity to segregate which damages were caused by flood versus fire to recover up to the entire pre-Katrina value of his home.  Thus, despite the fact that ANPACLA is correct that Halmekangas cannot recover twice for the same damage, there are material issues of fact precluding summary judgment on the specific question of how much of the remainder of the damage amounts claimed by Halmekangas vis-a-vis the pre-Katrina value of his home were caused by flood versus fire.  Furthermore, at least based on the pleadings for the present motion, there is a material issue of fact as to the actual pre-Katrina VPL valuation of the total loss of the home, which is crucial to a

determination of whether and how much a flood offset should apply in this case. Thus, while ANPACLA's motion should be granted as it relates to the very basic and general premise that Halmekangas cannot recover twice under different policies for the same damage, it should be granted only on that narrow and self-evident basis. Accordingly,

**IT IS ORDERED** that ANPACLA's **Motion for Partial Summary Judgment Regarding ANPAC Louisiana Insurance Company's Right to a Credit for the Full Amount of Any Flood Insurance Payments Issued to Plaintiff** (Rec. Doc. 116) is **GRANTED IN PART.** The motion is granted **only insofar as it seeks a ruling on the basic principle that Halmekangas cannot recover twice for the same damages** - that is, he cannot recover under his fire policy for the same damages that he has already recovered under his flood policy. Thus, to the extent that there remain factual issues pertaining to the actual pre-storm value of Halmekangas's property, and to the extent that Halmekangas may be able to segregate what damages attributable to the flooding during Katrina from those damages attributable to the fire after Katrina, Halmekangas is entitled to present evidence regarding these issues. As such, ANPACLA is not entitled to summary judgment specifically awarding it an offset in the full $83,399.57 amount paid by Halmekangas's flood insurer because there remain issues of fact regarding whether the post-Katrina fire resulted in damages that were not included in

the flood insurance payment.

New Orleans, Louisiana this 19th day of December, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE