UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHEN J. HALMEKANGAS | CIVIL ACTION |
| VERSUS | NO: 06-3942 |
| STATE FARM INSURANCE COMPANY | SECTION: J(2) |

## ORDER & REASONS

Before the Court is Defendant State Farm Fire & Casualty Company's ("State Farm") **Motion for Partial Judgment on the Pleadings** (Rec. Doc. 144), filed by State Farm in its capacity as Halmekangas's WYO flood insurer under the NFIP, seeking dismissal of Halmekangas's claims for 1) extra contractual/tort damages under state law and federal common law (via the NFIP); 2) pre- and post-judgment interest; and 3) attorneys' fees and costs (under the Equal Access to Justice Act ("EAJA")). Upon review of the record, the memoranda of counsel, and the applicable law, the Court finds that State Farm's motion should be granted in part and denied in part as follows.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

Halmekangas's property was severely damaged by the effects of Hurricane Katrina in August/September of 2005. On August 29, 2005, Hurricane Katrina initially struck the city of New Orleans, flooding the first floor of the property. Subsequent to the

flooding, the property was completely destroyed by fire on September 2, 2005. Halmekangas filed claims for the loss of his property with both his flood and homeowners insurers. The instant suit, filed in this Court on July 25, 2006, arises from the handling of those claims.

**THE PARTIES' ARGUMENTS & DISCUSSION**

State Farm seeks dismissal under Rule 12(c) of the three elements of Halmekangas's claims discussed below, and asserts that only Halmekangas's breach of contract claim should proceed to trial.

The standard for dismissal in a Rule 12(c) motion for judgment on the pleadings is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir. 2004). As set forth by the Supreme Court in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the standard to be applied when deciding a Rule 12(b)(6) motion is not whether it is conceivable that some set of facts could be developed to support the allegations in the complaint, but rather whether the plaintiffs have stated enough facts in the complaint to allow a court to conclude that it is "plausible" that the plaintiffs are entitled to relief. The Court must accept as true all well-plead allegations and resolve all doubts in favor of the

plaintiff.  <u>Tanglewood East Homeowners v. Charles-Thomas, Inc.</u>, 849 F.2d 1568, 1572 (5th Cir. 1988).

**1) State Law/Federal Common Law Extra Contractual Damages**

State Farm initially cites the Fifth Circuit's decision in <u>Wright v. Allstate</u> that state law extra-contractual claims against a WYO carrier are preempted, and that no federal common law extra-contractual remedy lies under the NFIP.  500 F.3d 390, 393-398.  State Farm asserts that the Court can rely simply on <u>Wright</u> and other similar cases, but nonetheless goes on to make several constitutional arguments as to why such claims should not be allowed against a WYO carrier.

In response, Halmekangas essentially concedes that the law on this point is well settled in State Farm's favor, and notes that this Court has already determined these exact issues in <u>Wolfe v. Fidelity National Ins. Co.</u>, 2008 WL 89643 (E.D. La. 2008) (granting motion for partial judgment on the pleadings in favor of WYO insurer and dismissing claims for state law and federal common law extra contractual damages under <u>Wright</u>). While Halmekangas asserts his disagreement with the <u>Wolfe</u> decision on the merits, he concedes that this Court has already addressed these issues.

**2)  Pre and Post-Judgment Interest**

State Farm also contends that it is immune from pre- and post-judgment interest under the NFIP, citing an Eleventh Circuit holding that pre-judgment interest awards against WYO carriers are effectively direct charges on the public treasury forbidden by the no-interest rule. Newton v. Capital Assurance Co., Inc., 245 F.3d 1306 (11th Cir. 2001) (on rehearing). State Farm cites a similar case from the Tenth Circuit that held that WYO carriers are also immune from post-judgment interest awards. Sandia Oil Co., Inc. v. Beckton, 889 F.2d 258, 264 (10th Cir. 1989).

Again, plaintiff essentially concedes this point in State Farm's favor by citing this Court's decision in Wolfe and Dwyer v. Fidelity Nat'l Prop. & Cas. Ins. Co., No. 06-4793, Rec. Doc. 46, at *12 (E.D. La. May 24, 2007), which both concluded that pre- and post-judgment interest awards were not available against a WYO carrier.

**3) Attorney's Fees and Costs under the EAJA**

State Farm finally argues that attorney's fees and costs are not recoverable against a private insurer in its role as an administrator of the NFIP as a WYO carrier. State Farm cites several decisions from other sections of this Court that have held that attorney's fees and costs are not recoverable against a WYO insurance carrier under the EAJA. See Dickerson v. State

4

Farm Fire & Cas. Co., 2007 WL 1537631, at *12 (E.D. La. May 23, 2007) ("[W]hile State Farm is a WYO carrier participating in the NFIP as fiscal agent of the United Stated, it is not an agency of the United States as required by the EAJA"); Jackson v. Fed. Emergency Mgmt. Agency, No. 06-4169, Rec. Doc. 37 (E.D. La. Aug. 21, 2007) (citing Dickerson and agreeing that attorney's fees are not available against a WYO carrier under the EAJA because Wyo carriers are not agents of the United States); Adams v. State Farm Fire & Cas. Co., 1996 WL 592734, at *5-6 (E.D. La. Oct. 10, 1996). State Farm recognizes that this Court has previously held in Dwyer that WYO carriers are instrumentalities of the federal government, and thus suits against WYO carriers are suits against the federal government for purposes of the EAJA. Dwyer, No. 06-4793, Rec. Doc. 46, at *13. However, State Farm notes that the Dwyer decision is on appeal to the Fifth Circuit, and suggests that the Court reevaluate its position in light of the decisions cited above.

The issue of attorney's fees and costs is the only issue that Halmekangas has affirmatively opposed in State Farm's motion. Very simply, Halmekangas asks the Court to stand by its decision in Dwyer. As such, Halmekangas requests that State Farm's motion be denied on the issue of attorney's fees and costs, and that he be allowed to assert and prove his claim for

5

attorney's fees and costs pursuant to the EAJA at trial.

## **DISCUSSION**

As an initial matter, and in light of Halmekangas's concession on these issues, the Court recognizes and reaffirms its prior holdings in <u>Wolfe v. Fidelity National Ins. Co.</u>, 2008 WL 89643 (E.D. La. 2008) and <u>Dwyer v. Fidelity Nat'l Prop. & Cas. Ins. Co.</u>, No. 06-4793, Rec. Doc. 46, at *12 (E.D. La. May 24, 2007), which held that state law and federal common law extra-contractual damages are unavailable under the NFIP and that pre- and post-judgment interest are unavailable against WYO carriers under the NFIP.

As for the issue of recoverability of attorney's fees and costs against a WYO carrier under the EAJA, this Court's decision in <u>Dwyer</u> involved a lengthy history of the NFIP, as well as the various statutory and regulatory changes that have taken place throughout the life of the program and the development of Fifth Circuit precedent on the issue of WYO carrier immunity.  In the end, the Court held essentially that WYO carriers cannot have their sovereign immunity cake by invoking immunity from awards of interest *because they are federal agents*, and eat it too by claiming immunity from awards of attorney's fees under the EAJA *because they are private litigants*.  This contradictory position

6

was not tenable to the Court, which in the end held that "WYO companies have vigorously sought, and have been afforded by all courts, the benefits of sovereign immunity [and] [t]he applicability of sovereign immunity goes hand in hand with the application of the EAJA, which is a waiver of that immunity" as to attorney's fees and costs. Dwyer, Rec. Doc. 46 at *13. The Court therefore affirmed plaintiff's right to collect attorney's fees under the provisions of the EAJA, which allow recovery of fees and costs if the government's refusal to pay a flood claim is unreasonable. Id. at 15. This "unreasonable" standard is less than the vexatious litigation standard under federal common law for recovery of fees and costs. Id. Generally stated, the standard considers whether the decision to refuse payment of a flood claim "was . . . justified to a degree that could satisfy a reasonable person." Id. See also Wolfe, 2008 WL 89643, at *2 ("[F]or the reasons stated in Dwyer, attorney's fees are potentially available under the EAJA as a WYO Company is considered an 'instrumentality of the executive branch of the Federal Government,' that is to say, suits against WYO Companies are suits against the United States.").

    The Court finds no reason to stray from the results and reasons handed down in Dwyer, which was recently reaffirmed by the Court's decision in Wolfe. Accordingly,

**IT IS ORDERED** that State Farm's motion for partial judgment on the pleadings is **GRANTED** as to Halmekangas's claims for 1) extra contractual/tort damages under state law and federal common law (via the NFIP); 2) pre- and post-judgment interest.

**IT IS FURTHER ORDERED** that State Farm's motion for partial judgment on the pleadings is **DENIED** as to Halmekangas's claims for attorney's fees under the EAJA. Thus, Halmekangas may pursue any claim to which he may be entitled and which he can prove at trial of this matter pursuant to the provisions of the EAJA.

New Orleans, Louisiana, this 11th day of February, 2009.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE