STEPHEN J. HALMEKANGAS                         CIVIL ACTION

VERSUS                                         NO: 06-3942

STATE FARM INSURANCE COMPANY                   SECTION: J(2)


## ORDER AND REASONS

Before the Court is Defendant State Farm Fire and Casualty Company's ("State Farm") **Motion in Limine (Rec. Doc. 145),** which seeks an order excluding the estimate and opinion testimony of Plaintiff's expert in architecture Ladd Ehlinger under Rule 702 and Daubert, as well as an order excluding any testimony or evidence at trial relating to damage to personal property owned by third parties.  The Court recently issued a revised Scheduling Order (Rec. Doc. 188) resetting the trial date in this matter to December 14, 2009. In light of this new trial date, the Court finds that State Farm's Motion in Limine should be denied at this time, without prejudice to State Farm's right to re-urge the motion closer to trial.

Also before the Court is State Farm's **Notice of New Authority (Rec. Doc. 187)**, which the Court construes as a renewal of State Farm's Motion for Judgment on the Pleadings (Rec. Doc. 144), seeking reconsideration of the Court's prior ruling that Plaintiff may pursue a claim for attorney's fees under the Equal Access to Justice Act ("EAJA").  In its ruling of February 11,

2009 (Rec. Doc. 166), the Court relied on its prior decision in Dwyer v. Fidelity National Property and Casualty Insurance Co., No. 06-4793, Rec. Doc. 46, at *12 (E.D. La. May 24, 2007), which held that attorney's fees are potentially available under the EAJA because suits against WYO Companies are effectively suits against the United States.  State Farm notes that since this Court's February 11, 2009 ruling, the Fifth Circuit has reversed this Court's decision in Dwyer, and has held that a private insurer operating in its capacity as a WYO insurance provider under the National Flood Insurance Program is *not* an agency of the Untied States as required for recovery of attorney's fees under the EAJA.  Dwyer v. Fidelity Nat. Property And Cas. Ins. Co., --- F.3d ----, 2009 WL 943951, *4-6 (5th Cir. Apr. 4, 2009). As such, the Court finds that its prior ruling denying State Farm's motion for judgment on the pleadings should be vacated. Accordingly,

**IT IS ORDERED** that State Farm's **Motion in Limine (Rec. Doc. 145)** is hereby **DENIED WITHOUT PREJUDICE** to State Farm's right to re-urge the motion at a time nearer to the trial of this matter.

**IT IS FURTHER ORDERED**, in light of State Farm's **Notice of New Authority (Rec. Doc. 187),** that this Court's Order of February 11, 2009 (Rec. Doc. 166), insofar as it denied State Farm's Motion for Judgment on the Pleadings with respect to Plaintiff's claim for attorney's fees, is hereby **VACATED.**

**IT IS FURTHER ORDERED** that State Farm's **Motion for Judgment on the Pleadings (Rec. Doc. 144)** is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's claims for attorney's fees and costs under the EAJA are hereby **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana this 23rd day of April, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE